IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-01524-RM-MEH

ARTHUR WALKER,

   Plaintiff,

v.

MARSHALL CALHOUN,

   Defendant.

---

# ORDER

---

Before the Court is the Recommendation of United States Magistrate Judge Michael E. Hegarty (ECF No. 53) to dismiss this case for failure to prosecute. The Court adopts the Recommendation for the reasons below.

Plaintiff is a prisoner proceeding pro se in this matter.[1] He filed his original Complaint (ECF No. 1) in June 2021, and his Amended Complaint (ECF No. 8) the following month. At that time, the Defendants in the case were designated as "Langford" and "John Doe #1." After Plaintiff and "Langford" consented, the case was directly assigned to the magistrate judge. (ECF No. 21.)

---

[1] The Court liberally construes Plaintiff's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In October 2021, the magistrate judge issued a Minute Order indicating that the names of the Defendants had been clarified and ordered the caption to be amended to reflect that they are "Brandon Lankford" and "Marshall Calhoun." (ECF No. 38.) The claims against Defendant Lankford have been dismissed on summary judgment. (ECF No. 52.)

Plaintiff's initial attempt to serve Defendant Calhoun by mail was unsuccessful. (*See* ECF No. 43, Summons Returned Unexecuted.) On February 8, 2022, the magistrate judge denied Plaintiff's "Motion for Order to Issue Summons on Marshal Calhoun" (ECF No. 47) for failure to provide sufficient information by which to effect service on Defendant Calhoun. (*See* ECF No. 51). In the same Order, the magistrate judge ordered Plaintiff to show cause by February 22 why the claims against Defendant Calhoun should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m), which requires service within ninety days of when the complaint was filed. Plaintiff did not respond.

The magistrate issued the Recommendation on February 25. Because Defendant Calhoun had not consented to the magistrate judge's jurisdiction, the case was then assigned to this Court. (ECF No. 55.)

The Recommendation advised Plaintiff that specific written objections were due within fourteen days after being served a copy of the Recommendation. (*See* ECF No. 53 at 6 n.3.) The deadline for responding to the Recommendation has come and gone without a response from Plaintiff. He has, however, filed a motion seeking appointment of pro bono counsel. (ECF No. 58.)

"In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

Having reviewed the docket and the Recommendation, the Court discerns no clear error on the face of the record and finds that the magistrate judge's analysis is sound with respect to why this case should be dismissed without prejudice. *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection).

Accordingly, the Court ADOPTS the Recommendation (ECF No. 53) and hereby DISMISSES WITHOUT PREJUDICE the claims against Defendant Calhoun. The Clerk is directed to CLOSE this case.

DATED this 18th day of March, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge